IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

                                     ORDER

                                  15-cr-106-wmc

     v.

KRISTY DIETEL,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for action on conditions of presentence release was held on February 18, 2016, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Tim O'Shea appeared for the government. The defendant was present in person and by counsel, Morris Berman. Also present was U.S. Probation Officer Catherine Cwirla.

## FACTS

      From the record, I make the following findings of fact. The defendant plead guilty to Count 5 of the indictment in the Western District of Wisconsin on January 5, 2016, for distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), a Class C felony. The defendant's sentencing is scheduled for March 8, 2016, at 1:00 p.m.

      At the time of her plea, the defendant was continued on supervised release subject to full compliance with all conditions of release, including two additional conditions:

> Condition No. 21: The defendant shall not have contact of any sort with defendants in any related case or with Joe Steffen.

> Condition No. 27: Defendant shall report as soon as a bed is available to the Cranberry Oxford Sober House in Wisconsin Rapids for an inpatient

treatment program. Defendant shall be responsible for the cost of treatment and for transportation to the treatment facility. While at the treatment facility, defendant shall not receive visitors other than immediate family and shall not possess a cell phone. Staff at Cranberry Oxford Sober House shall contact this Court's Pretrial Services Office if defendant leaves the facility or commits a violation of facility rules. Any serious rule violation, including leaving without permission, a positive UA, or contact with unauthorized persons, shall result in revocation of pretrial release and defendant's return to pretrial detention.

During the plea hearing, this court also emphasized the importance that she comply fully with the rules of "both the Oxford House and with the other conditions with the probation officer," because:

> this opportunity that you're being given is an opportunity to demonstrate to the court your ability to control your addiction and to control any criminal behavior . . . that will be something that I obviously would consider in trying to think about an appropriate sentence

Despite this, on February 8, 2016, Lonnie Selje, a mentor with the Cranberry Oxford Sober House, contacted the pretrial services office concerned about Ms. Dietel's behavior and non-compliance. She indicated that within the last two weeks, Ms. Dietel has violated numerous house rules, which from her experience are indicative of multiple, early signs of relapse, including:

(1) breaking curfew;
(2) not doing her share of the chores or buying her share of the common items;
(3) only being present at the House to sleep and attend the mandatory weekly house meetings; and
(4) failing to fulfill her part of the job agreement (Ms. Dietel cancelled her FSET employment meeting twice).

Ms. Dietel also admits to spending time with Todd Boaz outside NA meetings, who is himself currently residing at a sober living house in Stevens Point. As a result of her repeated failures to comply with house rules, the defendant was ultimately dismissed from Oxford House and is

2

living temporarily at her father's house with the permission of the Probation Office pending this hearing.

To her credit, it appears that the defendant has managed to continue to control her addiction during this period of presentence release. Nevertheless, the presumption at the time of her guilty plea was for presentence custody under Title 18 U.S.C. § 3143(A)(22), and is even stronger now in light of the defendant's dismissal from Oxford House.

While the defendant's counsel urges another stay be allowed at Oxford House in Stevens Point, the defendant's repeated failures to comply with the rules at the Oxford House in Wisconsin Rapids make this a non-starter. Alternatively, the defendant's counsel proposes that she be released to the supervision of her father pending sentencing. Despite the strong presumption otherwise, the court views the defendant's continued sobriety and apparent progress in counseling sufficient grounds to justify this proposal and to give defendant another opportunity to demonstrate that she can manage her addiction, including meeting the conditions of release, which are in place in substantial part as risks markers for relapse.

Accordingly, the defendant's release shall continue subject to all existing conditions (except residence at Oxford House) and the additional conditions set forth below.

ORDER

IT IS ORDERED that the defendant's presentence release shall continue subject to all previously imposed conditions (except residence at Oxford House) and the following additional conditions.

> 23. Defendant shall remain at ▇▇▇▇ Mosinee, Wisconsin, ▇▇ at all times except for *pre-approved* substance abuse counseling, medical, parental appointments, and other specific times and places pre-approved in advance *in writing* by the Pretrial Services Office.

3

24. Defendant shall submit to electronic and GPS monitoring as directed by the Pretrial Services Office. Defendant shall not pay the cost of monitoring.

25. Defendant shall be placed in the third-party custody of these people: Robert Dietel.

28. Defendant shall have no contact of any sort with *Todd L. Boaz*.

Entered this 19th day of February, 2016.

BY THE COURT:

_____
Honorable William M. Conley
U.S. District Judge